FILED
2022 Apr-12  AM 08:25
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
### ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| Cameron Witherspoon, | ) | |
| | ) | |
|     Plaintiff. | ) | Civil Action No.: |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Birmingham-Jefferson County | ) | |
| Transit Authority, d/b/a Max Transit, | ) | |
| | ) | |
|     Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Cameron Witherspoon, ("Plaintiff") by and through his undersigned Counsel, and hereby files this Complaint against the Birmingham-Jefferson County Transit Authority, d/b/a Max Transit, ("Defendant") and seeks redress for discrimination and retaliation suffered in Plaintiff's capacity as an employee of the Defendant. Plaintiff has been discriminated against by the Defendant on account of Plaintiff's gender, as well as subjected to a hostile work environment and retaliation, all in violation of **Title VII** of the Civil Rights Act of 1964, as amended, **42 U.S.C §§ 2000e _et seq,_** and any other cause(s) of action that can be inferred from the facts set forth herein and states the following:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(3), 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(4).

2. The unlawful employment acts alleged herein took place within the Southern Division of the Northern District of Alabama.

3. Venue is proper in this Court, the United States District Court for the Northern District of Alabama, pursuant to **Title 28, U.S.C. § 1391** and the Local Rules of the United States District Court for the Northern District of Alabama.

## PARTIES

4. Plaintiff, Cameron Witherspoon, a male, is over the age of nineteen (19) and is domiciled in the State of Alabama.

5. At all relevant times, the Plaintiff was an "employee" of the Defendant under Title VII.

6. The Defendant, Birmingham-Jefferson County Transit Authority, d/b/a Max Transit, is a domestic non-profit corporation located in the State of Alabama.

7. At all relevant times, Defendant was an "employer" under Title VII.

8. Defendant employs over 15 employees and is subject to Title VII.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS OF TITLE VII

9. Plaintiff has complied with the jurisdictional requirements of Title VII that on to wit: that on or about the 12th day of December 2018, Plaintiff caused a charge of discrimination in employment to be filed with the Equal Employment Opportunity Commission (hereinafter sometimes referred to as the "EEOC") in accordance with Section 705 of Title VII.

10. A Notification of Right to Sue letter was received January 13th 2022, and this Complaint has been filed within ninety (90) days of receipt of said Notification of Right to Sue. A copy of the notice is attached as Exhibit 1.

## GENERAL FACTS

11. Plaintiff began working for the Defendant in January of 2018 as an IT Specialist.

12. Shortly after beginning his employment with the Defendant, Plaintiff was subjected to unwanted sexual advances by the Chief of Staff, Adrian Solomon, a female.

13. On or about July 25, 2018, Plaintiff was terminated for what defendant alleges was unacceptable work performance and unfavorable interpersonal relations with public, vendors or other staff in connection to ordering IT equipment for the named Defendant.

14. Plaintiff believes these reasons are merely pretextual for the reasons set forth below.

15. During his employment with the Defendant, Plaintiff was never written up or disciplined.

16. In fact, he was informed that his performance was exemplary.

## COUNT I

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.

### (Hostile Work Environment)

17. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 above, as if fully set out herein.

18. The Plaintiff is a male and a member of a protected class.

19. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as Defendant has engaged in the practice of a hostile work environment against Plaintiff.

20. Plaintiff began his employment with the Defendant in January of 2018.

21. Six weeks after beginning his employment with the Defendant, Plaintiff began being subjected to unwanted advances.

22. These advances were made by Chief of Staff Adrian Solomon, Plaintiff's direct supervisor.

23. Specifically, she would corner the Plaintiff and solicit him for sex.

24. Ms. Solomon would summon the Plaintiff to her office and ask him to have sex with her.

25. On one occasion around May of 2018, Ms. Solomon sat in the Plaintiff's lap and began touching and rubbing on his body while soliciting him for sex.

26. Plaintiff adamantly opposed this activity; however, it did not stop.

27. Sometime around June of 2018 Plaintiff was called into Ms. Solomon's office.

28. On this occasion, she put her hand between Plaintiff's legs and grabbed his genitalia while soliciting sex from the Plaintiff.

29. Plaintiff adamantly opposed this activity and informed her he was going to report her behavior to Christopher Ruffin, a supervisor.

30. On July 24, 2018, Plaintiff was again summoned to Ms. Solomon's office.

31. On this occasion, Ms. Solomon again asked the Plaintiff to have sex with her.

32. Plaintiff again refused and informed Ms. Solomon that he was reporting her behavior to the Director of Operations.

33. However, Plaintiff was terminated by Ms. Solomon prior to his reporting of the incident.

34. The Defendant, through Ms. Solomon, created a hostile work environment based on Plaintiff's sex that was severe and pervasive enough to alter the terms of his employment.

35. Plaintiff was unable to complete his job due to the stress, fear of verbal and mental abuse, and threat of physical harm to his person.

36. Defendant's discriminatory action(s) against Plaintiff in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

37. Plaintiff has suffered, and continues to suffer, emotional distress, loss of self-esteem and other damages as a direct result of Defendant's unlawful discrimination.

## **Count II**

## **RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-3(a)**

## **(Retaliation)**

38. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 above, as if fully set out herein.

39. On or about July 24, 2018, Plaintiff began to participate in a protected activity when he informed Ms. Solomon that he would be reporting her to the Director of Operations for the conduct he was subjected to.

40. On July 24, 2018, Plaintiff again refused Ms. Solomon's solicitations for sex and informed her that he would be reporting her to the Director of Operations.

41. Also on July 24, 2018, after Plaintiff informed Ms. Solomon that he would be reporting her offensive and unwanted conduct, Ms. Solomon terminated the Plaintiff.

42. This adverse employment action was in direct retaliation to Plaintiff engaging in a protected activity.

43. None of the adverse employment actions and/or events described above occurred until after the Plaintiff informed Ms. Solomon that he was reporting her unwanted conduct, giving a causal connection between the adverse employment action or events and the protected activity.

44. Defendant intentionally discriminated against Plaintiff by retaliating against him for participating in a protected activity.

45. Defendant's retaliatory action against Plaintiff in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

46. Plaintiff has suffered, and continues to suffer, emotional distress, loss of self-esteem and other damages as a direct result of Defendant's unlawful retaliation.

## **PRAYER FOR RELIEF FOR ALL COUNTS**

**WHEREFORE,** Plaintiff prays that this Honorable Court will:

A. A declaratory judgment, declaring the Defendant's past practices herein complained of to be unlawful.

B. Order Defendant to institute and carry out policies, practices, and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole the Plaintiff by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper.

## **DEMAND FOR JURY TRIAL**

The Plaintiff demands trial by jury.

Respectfully submitted,

*/s/ Ray Foushee*
Raymond Foushee
ASB-9344-X13G
*Attorney for Plaintiff*

*/s/Jeremy Schatz*
D. Jeremy Schatz
ASB-2400-H34Y
*Attorney for Plaintiff*

**OF COUNSEL:**
Virtus Law Group
100 41st Street South, Suite A
Birmingham, AL 35222
js@vlgal.com
rf@vlgal.com

## CLERK: PLEASE SERVE VIA CERTIFIED MAIL:

Birmingham-Jefferson County Transit Authority
C/O Burtice Bright
1801 Morris Avenue
Birmingham, AL 35203

# Exhibit 1

**U.S. Department of Justice**

Civil Rights Division

---

KC:KDW:KLF
DJ 170-1-280

*Employment Litigation Section – 4CON*
*950 Pennsylvania Avenue, NW*
*Washington, DC  20530*
*www.usdoj.gov/crt/emp*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL                                           January 13, 2022

Mr. Cameron Witherspoon
5532 Avenue C
Bessemer, AL   35020

              Re:    Cameron Witherspoon v. Birmingham-Jefferson County
                     Transit Authority, EEOC Charge No. 420-2018-03393

Dear Mr. Witherspoon:

         It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC).  This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

         You are hereby notified that conciliation in this matter was unsuccessful by the EEOC.  You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., against the above-named respondent.  If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

         Therefore, you should consult an attorney of your own choosing at your earliest convenience.  If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 41 U.S.C. 2000e-5(f)(1).

         If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to:  Bradley A. Anderson, Director, EEOC, Ridge Park Place, 1130 22nd St. South, Ste. 2000, Birmingham, AL 35205.

                              Sincerely,

                              Kristen Clarke
                              Assistant Attorney General
                              Civil Rights Division

              By:    *Karen D. Woodard*

                              Karen D. Woodard
                              Chief
                              Employment Litigation Section

cc:    Birmingham-Jefferson County Transit Authority
       EEOC, Birmingham District Office