IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CAMERON WITHERSPOON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | 2:22-CV-00462 |
| BIRMINGHAM-JEFFERSON ) | |
| COUNTY TRANSIT AUTHORITY, ) | |
| D/B/A MAX TRANSIT, ) | |
| ) | |
| Defendants. ) | |

## ANSWER

COMES NOW the defendant, the Birmingham-Jefferson County Transit Authority, d/b/a Max Transit, (hereinafter "defendant"), by and through undersigned counsel, and hereby Answers the Complaint of plaintiff, Cameron Witherspoon (hereinafter "plaintiff"), as follows:

### JURISDICTION & VENUE

1. Admitted
2. Denied
3. Admitted

### PARTIES

4. Admitted
5. Admitted
6. Admitted
7. Admitted
8. Admitted

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS OF TITLE VIII

9. Denied

10. Defendant does not possess enough information to either admit or deny the allegations of paragraph 10. Therefore, they are denied.

## GENERAL FACTS

11. Admitted to the best of the defendant's knowledge.

12. Denied

13. Denied, as phrased

14. No response is necessary for this defendant.

15. Denied

16. Denied

## COUNT ONE

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. 2000 ET SEQ

## (HOSTILE WORK ENVIRONMENT)

17. No response is necessary from this defendant.

18. Admitted Plaintiff is a male, denied as to rest of paragraph 18.

19. Denied

20. Admitted

21. Denied

22. Denied

23. Denied

24. Denied

25. Denied

26. Denied

27. Defendant does not possess enough information to admit or deny any of the allegations of paragraph 27. Therefore, they are denied.

28. Denied

29. Denied

30. Defendant does not possess enough information to either admit or deny the allegations of paragraph 30. Therefore, they are denied.

31. Denied

32. Denied

33. Denied

34. Denied

35. Denied

36. Denied

37. Denied

## COUNT TWO

## RETALIATION IN VIOLATION OF TITLE VII OF THE

## CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000 E-3(A)

## (RETALIATION)

38. No response is necessary from this defendant.

39. Denied

40. Denied

41. Denied

42. Denied

43. Denied

44. Denied

45. Denied

46. Denied

## PRAYER FOR RELIEF FOR ALL COURTS

A. Defendant denies the allegations of this paragraph and demands strict proof thereof. See also affirmative defenses, i*nfra.*

B. Defendant denies the allegations of this paragraph and demands strict proof thereof. See also affirmative defenses, i*nfra.*

C. Defendant denies the allegations of this paragraph and demands strict proof thereof. See also affirmative defenses, i*nfra.*

D. Defendant denies the allegations of this paragraph and demands strict proof thereof. See also affirmative defenses, i*nfra.*

E. Defendant denies the allegations of this paragraph and demands strict proof thereof. See also affirmative defenses, i*nfra.*

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant pleads the plaintiff lacks standing.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of unclean hands and the plaintiff has failed to do equity.

### FIFTH AFFIRMATIVE DEFENSE

Defendant pleads the plaintiff is not entitled to equitable relief.

### SIXTH AFFIRMATIVE DEFENSE

Defendant pleads all available doctrines of immunity, including but not limited to absolute immunity, discretionary function immunity, substantive immunity, qualified immunity, judicial immunity, legislative immunity, and state-agent immunity.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant pleads the doctrines of waiver, estoppel, accord and satisfaction.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant pleads failure to join an indispensable party.

### NINTH AFFIRMATIVE DEFENSE

Defendant asserts that the plaintiff failed to state a claim upon which relief can be granted pursuant to Title VII of the Civil Rights Act of 1964.

### TENTH AFFIRMATIVE DEFENSE

Defendant avers that the plaintiff's Complaint fails to state a claim pursuant to § 11-47-23 of the Alabama Code.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant pleads the plaintiff has no clear right to the relief sought in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant pleads the plaintiff has failed to show the likelihood of irreparable harm.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant pleads the issuance of an injunction would not serve the public interest and that the harm that would occur to the defendants if an injunction were issued is greater than any harm to the plaintiff if an injunction is not issued.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted in the form of punitive damages.

**FIFTHTEENTH AFFIRMATIVE DEFENSE**

Defendant pleads the following defenses in regard to the plaintiff's claims for punitive damages:

A.     An award of punitive damages against this defendant would deny this defendant the right to due process under the Fourteenth Amendment of the United States Constitution and the due process clause of Article I, Section 13 of the Alabama Constitution.

B.     Any award of punitive damages against this defendant, which are penal in nature, would violate this defendant's right under the Alabama Constitution of 1901 and the United States Constitution.

C.     Any award of punitive damages against this defendant would not be based on proper standards and jury instructions.

D.     There is no rational relationship between any award of punitive damages against this defendant's alleged conduct.

E.  Any joint and several awards of punitive damages against this defendant would not properly allocate fault specifically to this defendant and would thereby frustrate the penal purpose of punitive damages.

F.  Punitive damages may not be assessed against this defendant based on Alabama Code § 11-47-190 et seq. (1975).

G.  Any award of punitive damages against this defendant would violate the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Alabama Constitution regarding excessive fines.

H.  An award of punitive damages would violate this defendant's rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

I.  This defendant pleads that any award of punitive damages to the plaintiff in this action would be in violation of the guarantees and safeguards provided to this defendant under the Due Process Clause of the Fourteenth Amendment to the United States Constitution in that the punitive damages are vague and are not directly related to a legitimate government interest.  Furthermore, that an award of punitive damages would be in violation of Article I, Section 6 of the United States Constitution, which provides that no person shall be deprived of life, liberty, or property except by due process of law in that punitive damages are vague and are not rationally related to a legitimate governmental interest.

J.  This defendant plead that the plaintiff's claims for punitive damages are capped and/or barred according to Alabama Code § 6-11-21 et seq. (2008).

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant pleads that the plaintiff failed to mitigate damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant avers that the plaintiff's Complaint fails to state a claim pursuant to §§ 11-93-1 and 11-93-22 of the Alabama Code.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant pleads that each and every action taken by the defendant was taken in the good faith belief that the same was legal and lawful at the time so taken.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant pleads that the plaintiff has failed to exhaust her administrative remedies.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant pleads that its alleged actions and/or inactions are not the proximate cause of the plaintiff's alleged injuries.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant pleads not guilty.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant contests each and every item of damages alleged in the Complaint and pleads that the plaintiff has failed to prove damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant pleads that the plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to the doctrine of respondent superior.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant pleads set-off and recoupment.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant asserts that that plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to §11-47-190 of the Alabama Code.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant pleads that the plaintiff's Complaint fails to meet the heightened pleadings standards required by 42 U.S.C. 2000(e), 42 U.S.C. § 1981 and 42 U.S.C. § 1983 et seq.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

The plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to the Ala. Code §6-11-26 et seq.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

The plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to the Family and Medical Leave Act.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

The plaintiff's Complaint is barred by the doctrine of laches.

**THIRTIETH AFFIRMATIVE DEFENSE**

Defendant asserts that some or all of the plaintiff's claims are barred by the doctrines of collateral estoppel and/or issue preclusion.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Defendant asserts that some or all of the plaintiff's claims are barred by the doctrines of res judicata and/or claim preclusion.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Defendant asserts that some or all of the plaintiff's claims are barred by the doctrines of consent, justification, estoppel, and/or privilege.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant asserts that the plaintiff's alleged injuries and/or damages are not the result of any custom, policy, or practice of the defendant.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend and supplement this Answer and these Affirmative Defenses as discovery proceeds in this case. To the extent that any of the allegations in the plaintiff's Complaint have not been expressly admitted or denied, said allegations are denied and defendant demands strict proof thereof.

Respectfully submitted,

*s/Timothy P. Donahue, Sr.*
Timothy P. Donahue, Sr. (DON014)
**DONAHUE & ASSOCIATES, LLC**
1020 22nd Street South
Birmingham, Alabama 35205
T: 205-871-8858
F: 205-879-1679
E: timdonahue@donahue-associates.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2022, I electronically filed the foregoing Answer with the Clerk of the Court using the AlaFile System which will send notification of such filing to the following:

**Counsel for Plaintiff**
D. Jeremy Schatz
Virtus Law Group
100 41st Street South
Suite A
Birmingham, AL 35222

*s/ Timothy P. Donahue, Sr.*
OF COUNSEL